**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AGUILAR PARRELLA, Petitioner,

v.

JAMAL L. JAMISON, *et al.*, Respondents.

Civil No. 2:26-cv-07038-JLS

**ORDER**

**AND NOW,** this 23rd day of September, 2026, upon consideration of Petitioner Aguilar Parrella's Petition for Writ of Habeas Corpus (Dkt. No. 1), the Government's opposition (Dkt. No. 5), Petitioner Aguilar Parrella's Reply (Dkt. No. 7), and following a telephonic hearing, **IT IS HEREBY ORDERED**:

1. The Petition is **GRANTED;**
2. The Government shall **RELEASE** Petitioner from custody immediately and shall certify compliance with this Order by filing on the docket no later than **12:00 p.m. EST on September 25, 2026;**
3. In doing so, the Government shall not subject Petitioner to any conditions of release, including the imposition of any and all GPS monitoring technology or devices that he was not subject to prior to his current detention;
4. The Government shall return any and all of Petitioner's personal property that it seized during his arrest and detention, including his personal identification and documents;
5. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody;
6. After the seven-day period, if the Government chooses to pursue re-detention of Petitioner under 8 U.S.C. § 1226(a), it must first demonstrate through constitutionally adequate procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which a neutral immigration judge shall determine whether the detention is warranted, pending the resolution of his removal proceedings;

7. Pending any future ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may then request permission form this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be transferred from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit the transfer of Petitioner; and
8. In the event of release after a bond hearing, the Government shall not subject Petitioner to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices.

It is further **ORDERED** that, upon receipt of the Government's certification of compliance with this Order, the Clerk of Court shall mark this case **CLOSED**[1].

---

[1] The United States Department of Homeland Security's Immigration and Customs Enforcement ("ICE") initially arrested Simon Elisa Jose Aguilar Parrella and detained him in approximately August 2022. Dkt. No. 1 at ¶ 1; Dkt. No. 5 at 5. The parties agree that, on September 11, 2026, Mr. Parrella was re-detained upon his attendance at a routine ICE check-in appointment. Dkt. No. 1 at ¶ 2. The Respondents further contend that the detention of Mr. Parrella was proper under 8 U.S.C. § 1226(a). Dkt. No. 5 at ¶ 8. However, the Respondents must afford Mr. Parrella a bond hearing before an Immigration Judge. *I.K. v. Jamison,* No. 26-3719, Order (Dkt. No. 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Parella requested an Immigration Judge review his custody determination once detained by Respondents. Dkt. No. 5-1. Consequently, the Immigration court scheduled a hearing on Mr. Parrella's bond application on Tuesday, September 29, 2026. Dkt. No. 5-2.

Mr. Parrella petitions for habeas relief while awaiting his bond hearing, contending that his re-detention without a pre-deprivation process, absent further proof, violates the Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act. Dkt. No. 1 at 2. The United States argue that Mr. Parrella has yet to exhaust his administrative remedies, his re-detention does not violate his substantive nor procedural due process rights, his claims under the Administrative Procedure Act are not compelling because Mr. Parrella "fail[ed] to identify any reviewable agency action." Dkt. No. 5 at 4. The United States further note that Mr. Parrella is scheduled for a bond hearing on September 29, 2026. *Id*. at 5–6.

The bond hearing is to address Mr. Parrella's custody. However, the question here is what process the Respondents owed to Mr. Parrella prior to the bond hearing, including whether custody is consistent with the Respondents' discretion to detain him pending his bond hearing. The Respondents argue that section 1226(a) nor the regulations issued thereunder fail to provide any form of pre-deprivation hearing prior to custody. We agree in part. While Congress did not explicitly identify a need for a pre-deprivation liberty determination in section 1226(a), regulations governing Respondents' discretion under section 1226(a) afford Mr. Parrella the opportunity to demonstrate that "release would not pose a danger to property or persons" and that Mr. Parrella is "likely to appear for" his future bond hearing. 8 C.F.R. § 1236.1(c)(8). While Respondents respectfully assert that such reading is an improper interpretation of the process, we disagree. In 2022, an officer released Mr. Parrella on parole after demonstration, to the officer's satisfaction, that such release "would not pose a danger to property or persons, and that [Mr. Parrella] is

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

likely to appear for any future proceedings." Dkt. Nos. 1–2, 9, 17. The Petitioners have not presented an individualized circumstance for re-detaining Mr. Parrella, after his previous release and subsequent compliance.

Judge Rufe, along with other several judges in this District, have granted habeas relief under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.,* No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained that before the United States exercises discretion to detain a non-citizen, it must first make an individualized custody determination regarding, "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id.* at *4. The United States cannot exercise discretion in detaining a non-citizen based solely on immigration status. *Id.* at *5. Furthermore, Judge Rufe's analysis of the Supreme Court's *Mathews v. Eldrige* test concluded that the United States failed to meet its obligation to provide the petitioner procedural due process. *Id.* at *5–6. (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)). We choose to follow this line of reasoning.

Furthermore, we are guided by Judge Ho's earlier analysis in *Loper Benitez v. Francis*. 795 F.Supp.3d 475, 492–95 (S.D.N.Y. 2025), where he explained that interpreting section 1226(a) as Congress requiring the United States to make an individualized custody assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: (1) if non-citizens could be detained on an arbitrary basis without an individualized assessment, it would fail to make sense for such individuals to then challenge their detention by appeal before an immigration judge on such specific factors; and (2) there would be no reason for Congress's carveout in § 1226c), requiring detention of certain criminal noncitizens. *Id*. at 493–94. As such, unless the provision was meant to authorize the categorical detention of any noncitizen unlawfully present in the country, section 1226(a) reads as requiring the exercise of some discretion when determining whether to detain a noncitizen in the first instance. *Id*.

Mr. Parrella's detention prior to his bond hearing process cannot withstand due process scrutiny based on the record before us. Mr. Parrella has the right to demonstrate to the immigration officer issuing a warrant for arrest that he currently does not pose a danger to property or persons, and that he is likely to appear at any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find that due process requires the Respondents to provide Mr. Parrella with notice of such right to demonstrate grounds for his release pending a bond hearing and then to exercise discretion in their determination after hearing from Mr. Parrella. The Respondents can then note their notice of this right and their individualized findings prior to custody. We have no basis to find that Respondents offered such notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us.